UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEC 17 2024 PM4:48
FILED - USDC - FLMD - TPA

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:24-cr-462-KKM-NHA

STEPHEN ANDREW LEEDY

## MOTION FOR PRETRIAL DETENTION

The United States, under 18 U.S.C. § 3142(f)(1)(A), moves to detain the

defendant pending trial and proffers information for the Court to consider under 18

U.S.C. § 3142(g) showing Stephen Andrew Leedy ("Leedy") poses a danger to the

community if released.

## BACKGROUND

On October 24, 2024, a federal grand jury returned an indictment charging

Leedy with three counts of production of child pornography, in violation of 18

U.S.C. § 2251(a), and two counts of coercion or enticement of a minor, in violation

of 18 U.S.C. § 2422(b).

On November 16, 2022, law enforcement responded to a scene in which

Minor Victim 1 was deceased in her bathroom, hanging from the shower head with a

dog leash around her neck. Minor Victim 1 was 13 years old at the time of her death.

Her cell phone was propped up on the bathtub directly in front of her.  Upon

searching Minor Victim 1's cell phone, law enforcement discovered various sexual-

in-nature conversations that Minor Victim 1 engaged in online with an individual

(username "Maximumuncle#9112"), who was later determined to be Leedy, a palliative care doctor in the Tampa Bay area. These conversations and video chats included Leedy directing Minor Victim 1 to produce child pornography and choke herself using a dog leash. Additionally, Leedy instructed Minor Victim 1 to engage in "daily hangings." The conversations between Leedy and Minor Victim 1 very clearly depict her age as a minor.

On or about October 30, 2022, Leedy sent Minor Victim 1 the following message while the two were engaged in a video chat, during which Leedy was nude:

> Leedy:    "yay! Can u get naked and take a video of us both? and send it to me on here?"

> Once Minor Victim 1 completely undresses, Leedy begins masturbating. He later sends the following messages:

> Leedy:    "iwant to cum in your a** mommy. Can u turn around and pull your cheeks open?"

Pursuant to a search warrant, law enforcement reviewed Leedy's account on an online social media application and discovered several other minor victims who Leedy instructed to produce child pornography, self-mutilate, or hang/choke themselves. Leedy never revealed his true identity on this online social media application and when he spoke to the minor victims over video chat, he maintained a black screen to further conceal his identity.

On the social media application, Leedy specifically instructed Minor Victim 2 to use a hairbrush to masturbate, use a blade to cut her breasts, and choke herself. Minor Victim 2 was approximately 13 years old when she started talking to Leedy

online. Leedy instructed her to engage in sexual activity with a relative, which she did not do. In their conversations, Leedy indicated he distributed child pornography images of Minor Victim 2 to one of his friends. Minor Victim 2's age was discussed between Minor Victim 2 and Leedy, as such Leedy was clearly aware that Minor Victim 2 was in fact a minor.

On or about December 22, 2021, Leedy was on a video call with Minor Victim 2 while he typed messages into the chat feature. He explicitly instructed her to produce child pornography while watching her do so. At one point, he typed the following message:

| Leedy: | "can ur life be full with cutting your boobs and tmmy for daddy, not eating and puking for daddy, and f***ing ur a** and ur p**** for daddy?" |
|---|---|

On January 16, 2022, while on video chat with Minor Victim 2, Leedy sent the following instructions[1]:

| Leedy: | "go get the belt so we can start choking u" "put it on loose" "have u ever put the end of the belt over the top of your door, and then close the door?" "make the belt tighter" |
|---|---|

On the social media application, Leedy instructed Minor Victim 3 to insert a highlighter and hairbrush into her vagina and anus. He also encouraged Minor Victim 3 to engage in sexual activity with a relative, which she did not do. Minor Victim 3 was approximately 11 or 12 years old when she first started talking to Leedy

---

[1] Portions of Leedy's messages have been omitted due to lack of relevance.

online, but originally claimed to be 16 years old.

On or about November 24, 2021, Leedy and Minor Victim 3 engaged in a video call while they both typed messages into the chat feature. At one point in the conversation, Leedy sent the following messages:

Leedy:          "show daddy ur butt hole up close baby so i can make sure its ok"
                "such a pretty body!"
                "u have the perfect little girl body. i love it so much!"

Later in the conversation, Leedy provided step by step instructions on how Minor Victim 3 should insert a hairbrush into her anus. She indicated at one point that it hurt, to which Leedy responded:

Leedy:          "thats normal"
                "we're training ur butt to take it"
                "it will take time"
                "did it feel good, even tho it hurt?"

Leedy's conversations with other minor victims on the online social media application also revolved around production of child pornography and self-harm/self-mutilation.

## MEMORANDUM OF LAW

The Bail Reform Act of 1984 provides in 18 U.S.C. § 3142(a) that:

Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—

(1) released on personal recognizance or upon execution of an unsecured appearance bond, under [§ 3142(b)];

(2) released on a condition or combination of conditions under [§ 3142(c)];

(3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under [§ 3142(d)]; or

(4) detained under [§ 3142(e)].

Under § 3142(e), the Court must order detention if, after holding a hearing, it determines that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Court applies a preponderance of the evidence standard in determining whether the defendant poses a flight risk and a clear and convincing standard in determining whether the defendant poses a danger to the community. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985).

In determining whether detention is warranted, the Court must consider the following factors 18 U.S.C. § 3142(g):

(1) The nature and circumstances of the offense charged;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Here, the § 3142(g) factors generally weigh in favor of detention. The nature and circumstances of the offenses charged are extremely serious. Leedy directed the three minor victims named in the indictment, along with approximately seven additional minor victims, to produce child pornography while on video calls with him to satisfy his own sexual deviant interest in children. The conversations continually revolved around his control over the minor victim, commenting on how "obedient" they are and asking at least one minor victim to refer to him as "my Lord." He hid behind the cloak of anonymity by either lying about his identity or using a black screen while engaging in video calls with the minor victims. He directed several of the minor victims to engage in self-mutilation, specifically telling them how and where to cut themselves. Additionally, Leedy directed several of the minor victims to choke and hang themselves while he watched. Everything that Leedy instructed these minor victims to do was either physically or mentally detrimental to the minor victims. He had absolutely no disregard for their safety and took advantage of children more than half his age to gratify himself.

The weight of the evidence against Leedy is extremely strong. Through social media conversations and investigative means, law enforcement confirmed Leedy's ownership over the account used to encourage minors to engage in sadistic and sexual behavior. Minor victims have been interviewed, identified themselves within conversations, and confirmed the horrific acts Leedy instructed them to do. Leedy very clearly engaged in this predatory behavior with approximately ten minor victims across the country.

6

Leedy is an extreme danger to minors in society and his release from custody would be in direct conflict with maintaining community safety.

The facts above are proffered to the Court and will be supplemented by additional information and argument at the detention hearing in this case.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:     /s/ Abigail K. King
        Abigail K. King
        Assistant United States Attorney
        FL Bar No. 294963
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6358
        E-mail: Abigail.King@usdoj.gov

**U.S. v. Stephen Andrew Leedy**          **Case No. 8:24-cr-462-KKM-NHA**

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2024, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Counsel of Record

By:     /s/ *Abigail K. King*
        Abigail K. King
        Assistant United States Attorney
        FL Bar No. 294963
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6358
        E-mail: Abigail.King@usdoj.gov