**MAGISTRATE'S CRIMINAL MINUTES - REMOVALS (Rule 5 & 5.1)**

FILED IN OPEN COURT
DATE: 12/20/2024 @ 1:48 pm
TAPE: FTR
TIME IN COURT: 7 minutes

MAGISTRATE JUDGE: J. ELIZABETH McBATH
COURTROOM DEPUTY CLERK: Neethu Varghese
CASE NUMBER: 1:24-MJ-1112-JEM
DEFENDANT'S NAME: Stephen Andrew Leedy
AUSA: Leanne Marek
DEFENDANT'S ATTY: Nicole Moorman
USPO / PTR: Jamie Bowers
( ) Retained   ( ) CJA   (X) FDP   ( ) Waived

EXHIBITS: [ ] Yes  [ ] No

[✓] ARREST DATE 12/20/2024
[✓] Initial appearance hearing held.
[✓] Defendant informed of rights.
[ ] Interpreter sworn: ___

### COUNSEL

[✓] ORDER appointing Federal Defender as counsel for defendant.
[ ] ORDER appointing _____ as counsel for defendant.
[ ] ORDER: defendant to pay attorney's fees as follows: _____

### IDENTITY / PRELIMINARY HEARING

[✓] Defendant ORALLY WAIVES identity hearing.   [✓] WAIVER FILED
[ ] Identity hearing HELD. ___ Def is named def. in indictment/complaint; held for removal to other district.
[ ] Defendant ORALLY WAIVES preliminary hearing in this district only.   [ ] WAIVER FILED
[ ] Preliminary hearing HELD. ___ Probable cause found; def. held to District Court for removal to other district
[✓] Commitment issued. Detention hearing to be held in charging district

### BOND/PRETRIAL DETENTION HEARING

[✓] Government motion for detention filed.   @ _____
[ ] Pretrial hearing set for _____ @ _____   [✓] In charging district.)
[ ] Bond/Pretrial detention hearing held.
[ ] Government motion for detention ( ) GRANTED ( ) DENIED
[ ] Pretrial detention ordered.   ___ Written order to follow.
[ ] BOND set at _____   NON-SURETY   SURETY
   ___ cash   ___ property   ___ corporate surety ONLY
[ ] SPECIAL CONDITIONS: _____

[ ] Defendant released.
[ ] Bond not executed. Defendant to remain in Marshal's custody.
[ ] Motion ( ___ verbal) to reduce/revoke bond filed.
[ ] Motion to reduce/revoke bond   ___ GRANTED   ___ DENIED
[ ] See page 2

## Order

☐ Pursuant to the Due Process Protections Act, see Fed. R. Crim. P. 5 (f), the government is directed to adhere to the disclosure obligations set forth in *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady; Giglio v. United States,* 405 U.S. 150 {1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley,* 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence.

The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances.

**WITNESSES:**

_____
_____
_____
_____
_____
_____
_____
_____

**EXHIBITS:**

_____
_____
_____
_____
_____
_____
_____
_____
_____